UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESUS A. LOPEZ AGUILAR, <br><br> Plaintiff, <br><br> v. <br><br> FRESENIUS MEDICAL CARE HOLDINGS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. NO. 28)** <br><br> Case No. 2:25-cv-00691 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Jesus Lopez-Aguilar, proceeding without an attorney, brought this action against Fresenius Medical Care Holdings, Inc., for disability discrimination, retaliation, wrongful termination, and related state law claims.[1] Mr. Lopez-Aguilar now moves for leave to file an amended complaint adding factual allegations and asserting similar claims under the Americans with Disabilities Act[2] (ADA).[3] Fresenius opposes the motion, arguing the proposed amended pleading is futile because it fails to state a plausible ADA claim in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Because

---

[1] (Compl., Doc. Nos. 1 at 3–5 & 1-1 at 3–4.) Because Mr. Lopez-Aguilar's complaint consists of two documents—a form "Complaint for Employment Discrimination" (Doc. No. 1) and a document entitled "Complaint for Damages" (Doc. No. 1-1)—this order refers to both documents and their CM/ECF pagination.

[2] 42 U.S.C. § 12101 et seq.

[3] (Mot. for Leave to File First Am. Compl. (Mot.), Doc. No. 28; Ex. A to Mot., [Proposed] First Am. Compl., Doc. No. 28-1.)

[4] (Opp'n to Mot. (Opp'n), Doc. No. 29.)

Fresenius' futility arguments are more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to amend, Mr. Lopez-Aguilar's motion is granted.

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[5]  Rule 15 instructs courts to "freely give leave when justice so requires."[6]  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[7]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[9]

---

[5] Fed. R. Civ. P. 15(a)(2).  The court previously struck Mr. Lopez-Aguilar's amended complaint because it is not allowed as a matter of course.  (*See* Order Striking First Am. Compl., Doc. No. 27.)

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[8] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[9] *Minter*, 451 F.3d at 1207.

Because Mr. Lopez-Aguilar proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[10]  Still, pro se plaintiffs must follow the same rules of procedure governing other litigants.[11]

## ANALYSIS

Fresenius opposes the motion to amend solely on the grounds that the proposed amendment would be futile.  Although leave to amend may be denied based on futility alone,[12] courts often decline to consider futility if the arguments would be more appropriately addressed in dispositive motions.[13]  Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing futility in a motion to amend "place[s] the cart before the horse," and

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[12] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[13] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

"defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[14]

In this case, Fresenius' futility arguments would be more appropriately addressed in dispositive motions. Fresenius contends the proposed amended complaint would be futile because it fails to state a plausible claim under the ADA, where Mr. Lopez-Aguilar does not allege he requested any accommodation for his disability or facts showing he was discriminated or retaliated against because of his disability.[15] These same arguments could be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather than forcing a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, these arguments would be more appropriately addressed in the context of a motion to dismiss, where the arguments can be briefed and responded to in full.

This is particularly true where Fresenius does not allege any undue delay, bad faith, or dilatory motive by Mr. Lopez-Aguilar, nor does it assert undue prejudice if the amendment were allowed. This is Mr. Lopez-Aguilar's first amendment, and the case is still in its initial stages. In short, the court declines to engage in a futility analysis at this stage. Where there is no other basis to deny leave to amend, justice requires leave to amend be granted.

---

[14] *Obeslo v. Great-West Cap. Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[15] (Opp'n 2–9, Doc. No. 29.)

CONCLUSION

Mr. Lopez-Aguilar's motion to amend[16] is granted. The court directs the clerk to file docket number 28-1 as the first amended complaint within seven days. Once filed on the docket, the first amended complaint will be the operative pleading in this case. The deadline to respond to the first amended complaint is March 23, 2026.

DATED this 2nd day of March, 2026.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[16] (Doc. No. 28.)